## CAREY v. DUNSMORE.

An endorser of a note, whose admission of his liability induces another to take the note as part of his distributive share of an estate, is estopped to deny his liability.

ASSUMPSIT, against the defendant, as endorser of a note payable to S.   The plaintiff took the note as part of her distributive share in the estate of S.   The defence was a want of consideration.

The court instructed the jury, that if the defendant, knowing his name was upon the note, and understanding that the administrator and the plaintiff regarded him as the responsible party, represented to them that he was liable and willing to pay it, and would pay it, and the administrator, relying upon his statement and promises, treated the note as a valid note against the defendant, and the plaintiff, in consequence of the defendant's representations, received the note as so much cash towards her share in the estate of her husband, the defendant would be estopped from denying his liability; to which instructions the defendant excepted.   Verdict for the plaintiff, and motion for a new trial.

*Batchelder*, for the defendant.

*Parker*, for the plaintiff.

STANLEY, J.   Under the instructions the jury must have found that the plaintiff was induced, in consequence of the declarations, acts, and conduct of the defendant, to change her position ; that she took the note, because he represented that it was a valid note, which he was liable to pay.   These facts being proved, the doctrine of equitable estoppel, as recognized in *Drew* v. *Kimball*, 43 N. H. 282, and *Horn* v. *Cole*, 51 N. H. 287, applies.   The instructions were correct.

*Judgment on the verdict.*

ALLEN and CLARK, JJ., did not sit.